IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )       2:14cr146-MHT
                            )            (WO)
LEVI LARRY MADDOX           )
```

OPINION AND ORDER

Defendant Levi Larry Maddox is now before the court for sentencing for escape from a federal institution, in violation of 18 U.S.C. § 751(a).  As part of this process, defense counsel has argued that Maddox's ongoing and serious substance abuse issues demonstrate an immediate need for formal mental-health treatment. As defense counsel explained to the court, Maddox is addicted to marijuana.  For more than a decade, this addiction has led him to commit new criminal offenses and violate supervised-release provisions on old ones. This addiction is what brought him before the court today.

Maddox's conduct, both underlying this case and in other incidents, is troubling.  With less than two

months until release from the residential reentry center where he was serving a term of imprisonment and despite being aware of the center's drug-testing policy, Maddox used marijuana. After he was screened for drugs, and knowing that he would test positive, Maddox walked away from the center. Once he was found, he was indicted for escape.

In the past, Maddox's marijuana use has led him to violate the terms of his supervised release and, as defense counsel has argued, has driven him to commit other, more serious, criminal conduct. At the age of 32, Maddox already has a criminal history category of VI--the highest within the federal system--and he has spent most of his adult life cycling between imprisonment and supervised release.

The questions are whether this pattern of criminal conduct can be explained, at least in part, by substance abuse, or mental illness that coexists with

substance abuse, and whether the problem can be treated so that Maddox may be rehabilitated.

18 U.S.C. § 4244 "allows for hospitalization rather than mere imprisonment for a defendant who requires inpatient mental-health treatment." United States v. Hollon, 2012 WL 5498002 at *2 (M.D. Ala. 2012) (Thompson, J.). Section 4244 provides that either party or the court may move for a hearing on the present mental condition of the defendant. The court may order such a hearing on its own motion at any time prior to sentencing "if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4244.

The court has so moved, and neither party objects. Therefore, the court will hold a hearing pursuant § 4244(c).

Section 4244 authorizes the court to order a psychiatric or psychological evaluation prior to the hearing, pursuant to 18 U.S.C. § 4247(b) and (c).  18 U.S.C. § 4244(b).  For the purposes of that examination, the court may commit the defendant for a reasonable period, not to exceed 30 days; and the director of the facility to which the defendant is committed may thereafter apply for a reasonable extension, not to exceed 15 days.  18 U.S.C. § 4247(b).  The resulting report should address the matters set forth in 18 U.S.C. § 4247(c).  See 18 U.S.C. § 4244(b).  In addition, "if the report includes an opinion by the examiners that the defendant is presently suffering from a mental disease or defect but that it is not such as to require his custody for care or treatment in a suitable facility, the report shall also include an opinion by the examiner concerning the sentencing alternatives that could best accord the defendant the kind of treatment he does need."  Id.  The court will

order Maddox committed to the Bureau of Prisons for an evaluation pursuant to § 4244(b).

Upon the completion of the evaluation, the court will hold the hearing pursuant to § 4244(c). "[I]f the court finds by a preponderance of the evidence that the defendant is suffering from a mental disease or defect and should be committed to a facility for treatment in lieu of incarceration, then the court may commit the defendant to the custody of the Attorney General, who will hospitalize him." Hollon, 2012 WL 5498002 at *2 (citing § 18 U.S.C. § 4244(d)). "Such a commitment constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty." 18 U.S.C. § 4244(d). If he is so committed, a defendant "may be released from the hospital when the director of the facility determines that he no longer requires inpatient care." Hollon, 2012 WL 5498002 at *2 (citing 18 U.S.C. § 4244(e)). "At that time, if the

provisional sentence imposed has not yet expired, then the court will proceed to sentencing and can modify the provisional sentence according to the Sentencing Guidelines." Id.

***

Accordingly, it is ORDERED as follows:

(1) The United States Marshal for this district shall immediately remove defendant Levi Larry Maddox to the custody of the Attorney General for placement in a suitable facility where he is to be committed for the purpose of being examined for a reasonable period not to exceed 30 days by a licensed or certified psychiatrist or psychologist pursuant to the provisions of 18 U.S.C. § 4244(b) and § 4247(b) & (c). The director of the facility at which defendant Maddox is evaluated may thereafter apply for a reasonable extension, not to exceed 15 days.

**(2) A psychiatric or psychological report shall be filed with the court pursuant to the provisions of 18 U.S.C. § 4244(b) and § 4247(b) & (c).  If the report includes the opinion that defendant Maddox is suffering from a mental disease or defect but that he does not require custody for care or treatment in a suitable facility, the report shall also include, pursuant to 18 U.S.C. § 4244(b), an opinion by the examiner concerning the sentencing alternatives that could best accord the defendant Maddox the kind of treatment he does need.**

**DONE, this the 19th day of November, 2014.**

                                       /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**